Judge Owsley
delivered the opinion.
This action was brought by Lowe in the circuit court, o* the following deed of covenant, namely:—
“Under the penalty of eighty dollars, we, Alexander M’Donald and Richard M’Donaid, bind ourselves, our heirs,&c. unto Samuel Lowe, bis heirs, &c. to make or cause to be made a good special warranty deed to thirty acres of land, be the same more or less, it being that part of land lying between William Noels and the said Samuel Lowe’s line and Lick creek, it being for value received; as witness our hands this 13th day of July, 18U4.
“RICH’D M’DONALD, (seal }
“ALEX. M’DONALD, (seal.)”
The declaration, after reciting the covenant, alleges, for breach, the failure of the M’Donalds to make a deed according to the covenant, although specially demanded by Lowe to do so, on the day of 1818.
The defendant, Alexander M’Donald, who was sued as surviving obligor, pleaded three pleas; but the firs! and third are in substance the same, and allege a performance of the *355 óevenant: The second plea denies that Lowe ever demanded a deed, as in his declaration he has alleged.
Oft a breach of covenant to convey lands with special warranty, the price given is the criterion of 'damages: if that is not shewn, but the value of the land at the sale is shewn, the jury may infer the value was given Ik find so.
B. Hardin for appellant, Haggin for appellee.
To each plea issues were joined to the country; and on the trial no evidence was introduced conducing to prove a performance of the covenant by either of the M’Donalds; but evidence tending in some measure to prove a demand *f a deed by Lowe, was introduced by him; and after he also proved the value of the land at the date of the covenant to be forty dollars, the counsel for the defendant moved the court, and it accordingly instructed the jury, that if thev believed from the evidence that Lowe had made no special demand of a deed they ought to find for the defendant; and if the jury believed a special demand bad been made, they ought to find nominal damages only.
Under these instructions, the jury found for the defendant. M’Donald, and judgment was thereon rendered in bar •f Lowe’s- action.
This court are unable to perceive the principle on which, the court instructed the jury to find but nominal damages, if they behcved a deed had been demanded by Lowe. On such a demand being made, there can be no question, but the covenant was broken, and for a breach of a covenant to make a deed of special warranty, it was held in the case of Logan against Langford, spring term, 1812, that the actual consideration paid for the land formed the criterion of damages. In this case, it is true, the consideration paid by Lowe for the laud, is not proved, but the deed of covenant purports to have been given for a valuable consideration; and from the value which the land is proven to have been *f at the dato of th* covenant, the jury might rationally have presumed the amount of the consideration.
The judgment must be reversed with costs, the cause remanded to the court beiów, and further proceedings bad not inconsistent with this opinion.